# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :

        v.              :       CRIMINAL NO. 21-313

MARK IRVELLO            :

## ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.      As a result of defendant Mark Irvello's guilty plea as to Counts One through Three of the information charging him violating 18 U.S.C. § 666(a)(1)(A), and 2, theft from an organization receiving federal funds and aiding and abetting (Count One); 18 U.S.C. § 666(a)(2), bribery concerning an organization receiving federal funds (Count Two), and 18 U.S.C. § 1343, wire fraud (Count Three), the defendant is required pursuant to 18 U.S.C. § 982(a)(3)(A), to forfeit criminally his interest in any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation of 18 U.S.C. § 666(a)(1)(A) and (a)(2), as charged collectively in Counts One and Two of the information, and to criminally forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to a "specified unlawful activity," that is wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count Three of the information.

2.      All property that constitutes or is derived from proceeds traceable to the commission of such offenses is forfeited to the United States.

3.      The sum of $176,620 represents the value of property that constitutes any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation of 18 U.S.C. § 666(a)(1), as charged collectively in

Counts One and Two of the information, and or represents any property, real or personal, which constitutes or is derived from proceeds traceable to a "specified unlawful activity," that is wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count Three of the information.

4.      The defendant shall forfeit to the United States the $176,620 in proceeds that he obtained as a result of his commission of the offenses charged in Counts One through Three of the information, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(3)(A), and Federal Rule of Criminal Procedure 32.2(b)(2).  A money judgment in the amount of $176,620 is hereby entered against the defendant.

5.      Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the defendant has dissipated or otherwise spent the proceeds that he obtained. The United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment.  The government may move at any time, pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant, having a value up to the amount of the uncollected money judgment, as substitute assets.

6.      Upon entry of this Order or any amendment thereto that is entered pursuant to Federal Rule of Criminal Procedure 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

7.      Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

8.      Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

9.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

10.     The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).


ORDERED this 16th day of  May                , 2022.


/s/ Hon. C. Darnell Jones II
**HONORABLE C. DARNELL JONES, II**
**United States District Judge**